UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:06-cr-0487 KJM |
| Plaintiff, | |
| v. | ORDER |
| TIMOTHY TRUONG, | |
| Defendant. | |

Defendant has filed a document styled "Nunc Pro Tunc Application Motion for Maximum Sentence Clarification and Immediate Release." ECF No. 75. The government opposes the motion, ECF No. 77, and defendant has filed a reply, ECF No. 78. By this motion, defendant seeks court-ordered modification of his sentence to reflect "full jail credit for time spent in detention awaiting both state and federal charges." ECF No. 75 at 3. Although it is not entirely clear, defendant also apparently seeks an order requiring his federal prison sentence to run concurrently with a subsequently imposed state prison sentence, contending that if the sentences run consecutively, both the state sentence and the federal sentence will exceed the maximum penalties authorized by state and federal law for his offenses. *See* ECF No. 75 at 2-3. Defendant relies on Amendment 787 to the U.S. Sentencing Guidelines, which amended 5G1.3 of the United States Sentencing Guidelines effective on November 1, 2014.

1

1       As amended, § 5G1.3 provides in relevant part:

> §5G1.3.  Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment or Anticipated State Term of Imprisonment
>
> . . . .
>
> (c)  If subsection (a) does not apply, and a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

USSG §5G1.3(c).  Note 3 to the Commentary to §5G1.3 provides:

> 3. Application of Subsection (c).—Subsection (c) applies to cases in which the federal court anticipates that, after the federal sentence is imposed, the defendant will be sentenced in state court and serve a state sentence before being transferred to federal custody for federal imprisonment. In such a case, where the other offense is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

USSG §5G1.3(c), comment n.3.

      Section 3582(c) of Title 18 of the United States Code prohibits a court from modifying a prison sentence once it has been imposed except (1) on motion of the Director of the Bureau of Prisons in certain enumerated circumstances not applicable here; (2) where expressly authorized by statute or Federal Rule of Criminal Procedure 35; or (3) when the sentencing range is subsequently lowered by the Sentencing Commission, after consideration of the factors set forth in 18 U.S.C. § 3553(a), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c).

      On October 15, 2008, defendant was sentenced to 120 months in prison.  The sentence followed his November 13, 2007 guilty plea to possession of unauthorized access devices with intent to defraud in violation of 18 U.S.C. § 1029(a)(3). On November 12, 2008, defendant was sentenced in a California state court to three years for hit and run causing death or injury.  ECF No. 63.  At the state court sentencing, the state court "advised the sentence was to run concurrent with the federal sentence." *Id*.

On October 1, 2015, the Bureau of Prisons (Bureau) sent this court a letter stating that defendant had requested that his federal sentence be served concurrently with his state sentence, setting forth the Bureau's "preference that the federal sentencing Court state its position" with respect to whether the federal sentence should run consecutively or concurrently to the state sentence, and indicating that if the Bureau did not receive a response from the Court within 60 days, the Bureau would "complete its review and make a decision. . . ." ECF No. 63 at 2. On December 3, 2015, defendant, through his attorney, filed a motion for concurrent sentences. ECF No. 68. At a hearing on December 18, 2015, the court advised the parties it had no recommendation concerning whether defendant's sentences should run concurrently or consecutively. ECF No. 73. Defendant filed the present motion on February 18, 2016.

Amendment 787, on which defendant relies to support his present request, became effective on November 1, 2014. It does not reduce the guideline sentencing range applied at defendant's sentencing, and the Sentencing Commission has not made the amendment retroactive. The court therefore lacks authority to modify defendant's sentence based on Amendment 787. *See United States v. Navarro*, 800 F.3d 1104, 1110 (9th Cir. 2015) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In accordance with the above, IT IS HEREBY ORDERED that defendant's February 18, 2016 motion, ECF No. 75, is denied.

DATED: April 5, 2016.

_____
UNITED STATES DISTRICT JUDGE