UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY TRUONG,<br><br>Defendant. | No. 2:06-CR-487 KJM<br><br><br><br>ORDER |

Defendant Timothy Truong, proceeding pro se, moves for reconsideration of the court's order resolving his motion to modify his sentence. Mot. Recons., ECF No. 80; Order, ECF No. 79. The United States opposes. Opp'n, ECF No. 84. For the reasons discussed below, the court will deny the motion.

On November 13, 2007, Truong pleaded guilty to violating 18 U.S.C. § 1029(a)(3) in that he "knowingly and with intent to defraud possesse[d] fifteen or more devices which are counterfeit or unauthorized access devices." ECF Nos. 3, 24. In October 2008, partially based on Truong's history of recidivism, the court sentenced him to the statutory maximum of 120 months in prison. *See* ECF No. 49. On November 12, 2008, Truong was subsequently sentenced in state court to three years for hit and run causing death or injury, and the state court advised the sentence was to run concurrent with the federal sentence. *See* Bureau of Prisons Letter, ECF
/////

No. 63. In December 2009, the Ninth Circuit, while noting the state charges and sentence, affirmed this court's sentence. *United States v. Truong*, 587 F.3d 1049 (9th Cir. 2009).

On October 1, 2015, the Bureau of Prisons sent a letter to this court stating Truong had requested that his federal sentence be served concurrently with his state sentence, setting forth the Bureau's preference that the federal sentencing court state its position. Bureau of Prisons Letter. On December 3, 2015, Truong, through his attorney, filed a motion for concurrent sentences. ECF No. 68. At hearing, the court advised the parties it had no recommendation concerning whether defendant's sentence should run concurrently or consecutively; the default was consecutive sentences, yet the record provided no basis for the court to infer the sentencing judge intended a concurrent sentence. ECF No. 73; *see also* Hr'g Tr. at 3:5–9, 4:5–6, 7:13–21, ECF No. 83.

On February 18, 2016, Truong filed a motion to modify his sentence to credit him for jail time served as he awaited federal and state charges and to require that his federal prison sentence run concurrently with the state prison sentence. *See* Nunc Pro Tunc Mot., ECF No. 75 (filing styled "Nunc Pro Tunc Application Motion for Maximum Sentence Clarification and Immediate Release"); *see also* Reply, ECF No. 78. The court denied the motion, rejecting Truong's reliance on Amendment 787 to the U.S. Sentencing Guidelines. Order at 3 (citing U.S.S.G. app. C amend 787 (Nov. 1, 2014)). Although Amendment 787 provides a mechanism by which a federal court may base its sentence on anticipated state-level charges, the court explained the Amendment went into effect on November 1, 2014, was not retroactive, and did not apply to Truong's sentencing in October 2008. *Id.*

Truong seeks reconsideration of the court's most recent order. *See* Mot. Recons. Truong raises two new arguments: (1) his combined state and federal sentence violates Double Jeopardy and (2) California Vehicle Code § 20001(a) is not a crime of violence after *Johnson v. United States*, 135 S. Ct. 2551 (2015) (decided June 26, 2015). *Id.* at 2–5. The court need not address these arguments, as Truong could have raised them sooner. *See* Local Rule 230(j); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)) ("A

motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'").

Truong's remaining argument is that the federal sentence must run concurrent with the subsequent state sentence to ensure he spends no more time than the federal statutory maximum of 120 months. *See* Mot. Recons. at 1–3; Nunc Pro Tunc Mot. at 3. Although Amendment 787 now provides the court with authority to consider anticipated state sentences, the court has already determined Amendment 787 does not apply retroactively to Truong. Order at 3. Truong provides no basis for revisiting that conclusion. *See also United States v. Conley*, 777 F.3d 910, 914 (7th Cir. 2015) (Amendment 787 did not apply to defendant sentenced before November 2014). As a result, the court lacks authority to modify the sentence. Order at 3 (citing *United States v. Navarro*, 800 F.3d 1104, 1110 (9th Cir. 2015) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). Because Truong provides no other support for his assertion that the court was required to recommend a concurrent sentence, reconsideration is not appropriate.

The court DENIES Truong's motion for reconsideration.

This order resolves ECF No. 80.

IT IS SO ORDERED.

DATED: August 9, 2017.

_____
UNITED STATES DISTRICT JUDGE